### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF COMMERCE,<br>1401 Constitution Avenue NW<br>Washington, DC 20230<br><br>*and*<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br><br>*Defendants*. | Case No. 25-cv-4302 |

### COMPLAINT

1. Since January 20, 2025, the Trump Administration has entered into settlement agreements with at least nine of the nation's largest private law firms, including: Paul, Weiss, Rifkind, Wharton & Garrison LLP; Skadden, Arps, Slate, Meagher & Flom LLP; Wilkie Farr & Gallagher LLP; Milbank LLP; Latham & Watkins LLP; Simpson Thacher & Bartlett LLP; Kirkland & Ellis LLP; Allen Overy Shearman Sterling LLP; and Cadwalader, Wickersham & Taft LLP.[1]

2. Under the terms of these agreements, these nine law firms agreed to provide a total of nearly $1 billion in free legal services to the Trump Administration in exchange for the

---

[1] *See* Sam Baker, *Law Firms Pledge Almost $1 Billion in Free Work to Trump*, Axios (Apr. 11, 2025), https://www.axios.com/2025/04/12/big-law-pro-bono-legal-work-trump.

1

Administration's agreement not to investigate them or seek to ban their lawyers from accessing federal buildings.²

3.  Though the scope of the services included in these agreements is unclear, President Trump has suggested these law firms may be working *pro bono* for the federal government on issues including "trade deals, immigration enforcement, and . . . defending police officers who are under investigation for misconduct."³

4.  According to public reporting, at least three of the law firms in question—Paul Weiss, Kirkland & Ellis, and Simpson Thacher—have committed to performing free legal work for the Department of Commerce, including work related to trade deals.⁴

5.  Members of Congress have launched investigations into the scope of the agreements between the nine law firms and the Trump Administration and have questioned whether these agreements potentially violate federal bribery, extortion, honest services fraud, or racketeering laws.⁵

---

² *See* Carrie Johnson, *Trump's Deals with Law Firms Are Like Deals 'Made with a Gun to the Head,' Lawyers Say*, NPR (May 31, 2025, 5:00 AM), https://www.npr.org/2025/05/31/nx-s1-5406173/trump-deals-law-firms.
³ *See id.*
⁴ *See* Michael S. Schmidt et al., *Two Big Law Firms Said to Be Doing Free Work for Trump Administration*, N.Y. Times, Aug. 20, 2025, https://www.nytimes.com/2025/08/20/us/politics/law-firms-free-work-trump-administration.html; Mike Scarcella, *Law Firm Simpson Thacher Working with U.S. Commerce Department*, Reuters (Nov. 6, 2025, 3:32 PM), https://www.reuters.com/legal/government/law-firm-simpson-thacher-working-with-us-commerce-department-2025-11-06/.
⁵ *See* John Parkinson, *Democrats Scrutinize Law Firms that Cut Deals with Trump*, ABC News (April 24, 2025, 5:08 AM), https://abcnews.go.com/Politics/democrats-scrutinize-law-firms-cut-deals-trump/story?id=121099093.

6. Members of Congress have also begun investigating the scope of the work these law firms are performing for the Trump Administration, including whether this work potentially violates the federal Antideficiency Act.[6]

7. In October 2025, American Oversight submitted requests under the Freedom of Information Act (FOIA) to the U.S. Department of Commerce (Commerce) and the U.S. Department of Justice (DOJ) seeking to shed light on the Trump Administration's agreements with private law firms and the work these law firms are doing for the Administration.

8. Plaintiff American Oversight now brings this action against Commerce and DOJ under FOIA, 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

10. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

11. Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining Defendants from continuing to withhold department or agency records and ordering the production of department or agency records improperly withheld.

---

[6] *See* Michael S. Schmidt & Maggie Haberman, *Democrats Investigating Law Firms Over Work for Trump's Commerce Dept.*, N.Y. Times, Sept. 24, 2025, https://www.nytimes.com/2025/09/24/us/politics/democrats-law-firms-trump-investigation.html.

3

**PARTIES**

12. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

13. Defendant U.S. Department of Commerce is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). Commerce has possession, custody, and control of records that American Oversight seeks.

14. Defendant U.S. Department of Justice is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOJ has possession, custody, and control of records that American Oversight seeks.

**STATEMENT OF FACTS**

15. On October 10, 2025, American Oversight submitted eight FOIA requests to Commerce and DOJ seeking records with the potential to shed light on federal government activity related to the nine law firms that have agreed to provide nearly $1 billion worth of free legal services for the Trump Administration.

4

*Commerce Communications Request*

16. On October 10, 2025, American Oversight submitted a request to Commerce bearing internal tracking number COMM-25-2381, seeking the following records from March 20, 2025, through the date the search is conducted:

> All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) between any of the officials listed below, and/or anyone communicating on their behalf, such as an assistant, secretary, and/or scheduler, and (b) any of the external entities or individuals listed below (including the listed email addresses and/or domains).
>
> Department of Commerce Officials:
> i.    Howard Lutnick, Secretary
> ii.   Paul Dabbar, Deputy Secretary
> iii.  John Guenther, Acting General Counsel
> iv.   Nicole Cubbage, Chief of Staff to the Deputy Secretary
> v.    Harry Kumar, Senior Advisor to the Deputy Secretary
> vi.   Cameron Basco, Senior Advisor to the Deputy Secretary
> vii.  Anyone serving as Chief of Staff or Senior Advisor to the Secretary
> viii. Anyone serving as Chief of Staff or Senior Advisor to the Acting General Counsel
>
> External Entities and Individuals:
> a.   A&O Shearman (aoshearman.com)
> b.   Boris Epshteyn
> c.   Cadwalader, Wickersham & Taft (cwt.com)
> d.   Kirkland & Ellis (kirkland.com)
> e.   Latham & Watkins (lw.com)
> f.   Milbank (milbank.com)
> g.   Paul, Weiss, Rifkind, Wharton & Garrison (paulweiss.com)
> h.   Skadden, Arps, Slate, Meagher, & Flom (skadden.com)
> i.   Simpson Thatcher & Bartlett (stblaw.com)
> j.   Willkie Farr & Gallagher (willkie.com)
>
> Please note that American Oversight does not seek, and this request specifically excludes, the initial mailing of news clips or other mass-distribution emails. However, subsequent communications responding to or forwarding such emails are responsive to this request. In other words, for example, if an official received a mass-distribution news clip email from A&O Shearman, that initial email would not be responsive to this request. However, if the official forwarded that email with commentary, that

5

subsequent message would be responsive to this request and should be produced.

17. On December 4, 2025, Commerce acknowledged receipt of this request and assigned it agency tracking number DOC-IOS-2026-000431. Ex. A.

18. Commerce also invoked an extension due to "unusual circumstances" pursuant to 5 U.S.C. § 552(a)(6)(B), and stated that such "'unusual circumstances' include the need to . . . search for, collect, and appropriately examine a voluminous amount of separate and distinct records that are the subject of a single request; and the need to consult, which shall be conducted with all practicable speed, with another Federal agency having a substantial interest in the determination of the FOIA request or with another component of the Department which has a substantial interest in the determination of the FOIA request." *Id.*

19. As of the date of this Complaint, American Oversight has received no further communications from Commerce regarding this FOIA request.

*DOJ Communications Request*

20. On October 10, 2025, American Oversight submitted a request to DOJ bearing internal tracking number DOJ-25-2382, seeking the following records from March 20, 2025, through the date the search is conducted:

> All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) between any of the officials listed below, and/or anyone communicating on their behalf, such as an assistant, secretary, and/or scheduler, and (b) any of the external entities or individuals listed below (including the listed email addresses and/or domains).
>
> Department of Justice Officials:
> i.   Pam Bondi, Attorney General
> ii.  Todd Blanche, Deputy Attorney General
> iii. James McHenry, Associate Deputy Attorney General
> iv.  Daniel Bell, Counselor to the Attorney General
> v.   Henry Whitaker, Counselor to the Attorney General

    vi.    Catharine Cypher, Deputy Chief of Staff to the Attorney General
    vii.    Hayley Conklin, Deputy Chief of Staff to the Attorney General
    viii.    Jordon Fox, Chief of Staff to the Deputy Attorney General
    ix.    Brian Nieves, Deputy Chief of Staff to the Deputy Attorney General
    x.    Jared Wise, Senior Advisor to the Deputy Attorney General
    xi.    Emil Bove, Former Principal Deputy Associate Attorney General
    xii.    Chad Mizelle, Former Chief of Staff to the Attorney General
    xiii.    Anyone serving as Chief of Staff to the Attorney General
    xiv.    Anyone serving as Principal Deputy Associate Attorney General

External Entities and Individuals:
a.    A&O Shearman (aoshearman.com)
b.    Boris Epshteyn
c.    Cadwalader, Wickersham & Taft (cwt.com)
d.    Kirkland & Ellis (kirkland.com)
e.    Latham & Watkins (lw.com)
f.    Milbank (milbank.com)
g.    Paul, Weiss, Rifkind, Wharton & Garrison (paulweiss.com)
h.    Skadden, Arps, Slate, Meagher, & Flom (skadden.com)
i.    Simpson Thatcher & Bartlett (stblaw.com)
j.    Willkie Farr & Gallagher (willkie.com)

Please note that American Oversight does not seek, and this request specifically excludes, the initial mailing of news clips or other mass-distribution emails. However, subsequent communications responding to or forwarding such emails are responsive to this request. In other words, for example, if an official received a mass-distribution news clip email from A&O Shearman, that initial email would not be responsive to this request. However, if the official forwarded that email with commentary, that subsequent message would be responsive to this request and should be produced.

21.    On December 4, 2025, DOJ acknowledged receipt of this request and assigned it agency tracking number FOIA-2026-00077. Ex. B.

22.    DOJ also invoked an extension due to "unusual circumstances" pursuant to 5 U.S.C. § 552(a)(6)(B), stating that "the records you seek require a search in and/or consultation with another Office." DOJ further stated that "[b]ecause of these unusual circumstances, we need to extend the time limit to respond to your request beyond the ten additional days provided by the statute." *Id*.

23. As of the date of this Complaint, American Oversight has received no further communications from DOJ regarding this FOIA request.

*DOJ Criminal Division Communications Request*

24. On October 10, 2025, American Oversight submitted a request to the DOJ Criminal Division bearing internal tracking number DOJ-CRM-25-2383, seeking the following records from March 20, 2025, through the date the search is conducted:

> All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) between any of the officials listed below, and/or anyone communicating on their behalf, such as an assistant, secretary, and/or scheduler, and (b) any of the external entities or individuals listed below (including the listed email addresses and/or domains).
>
> Department of Justice Criminal Division Officials:
> i. Matthew Galeotti, Acting Assistant Attorney General
> ii. Josh Goldfoot, Deputy Assistant Attorney General
> iii. Jennifer Hodge, Deputy Assistant Attorney General
> iv. Hope Olds, Deputy Assistant Attorney General
> v. Keith Edelman, Acting Chief Counselor
> vi. Ed Sullivan, Acting Chief, Public Integrity Section
> vii. Anyone serving as Chief of Staff or Advisor to the Acting Assistant Attorney General
>
> External Entities and Individuals:
> a. A&O Shearman (aoshearman.com)
> b. Boris Epshteyn
> c. Cadwalader, Wickersham & Taft (cwt.com)
> d. Kirkland & Ellis (kirkland.com)
> e. Latham & Watkins (lw.com)
> f. Milbank (milbank.com)
> g. Paul, Weiss, Rifkind, Wharton & Garrison (paulweiss.com)
> h. Skadden, Arps, Slate, Meagher, & Flom (skadden.com)
> i. Simpson Thatcher & Bartlett (stblaw.com)
> j. Willkie Farr & Gallagher (willkie.com)
>
> Please note that American Oversight does not seek, and this request specifically excludes, the initial mailing of news clips or other mass-distribution emails. However, subsequent communications responding to or forwarding such emails are responsive to this request. In other words, for example, if an official received a mass-distribution news clip email from

    A&O Shearman, that initial email would not be responsive to this request. However, if the official forwarded that email with commentary, that subsequent message would be responsive to this request and should be produced.

25. DOJ has not acknowledged receipt of this request nor assigned it an agency tracking number.

26. As of the date of this Complaint, American Oversight has received no communications from DOJ regarding this FOIA request.

*Commerce Contracts Request*

27. On October 10, 2025, American Oversight submitted a request to Commerce bearing internal tracking number COMM-25-2384, seeking the following records from January 20, 2025, through the date the search is conducted:

1. A complete copy (including any attachments) of all contracts or subcontracts, amendments, memoranda of understanding, and other written agreements between the Department of Commerce and any law firms conducting pro bono, discounted, and/or free work for the federal government, including but not limited to:

    a. A&O Shearman
    b. Cadwalader, Wickersham & Taft
    c. Kirkland & Ellis
    d. Latham & Watkins
    e. Milbank
    f. Paul, Weiss, Rifkind, Wharton & Garrison
    g. Skadden, Arps, Slate, Meagher, & Flom
    h. Simpson Thatcher & Bartlett
    i. Willkie Farr & Gallagher

2. Records reflecting all ethics waivers, waivers of conflict of interest, conflict disclosures, and/or financial disclosures, whether formal or informal, proposed or completed for any law firms conducting pro bono, discounted, and/or free work for the federal government, including but not limited to those listed above in part 1 of this request.

3. Records reflecting all payments, invoices, and billable hours for any law firms conducting pro bono, discounted, and/or free work for the federal

government, including but not limited to those listed above in part 1 of this request.

28. On November 26, 2025, Commerce acknowledged receipt of this request and assigned it agency tracking number DOC-OS-2026-000098. Ex. C.

29. Commerce also invoked an extension due to "unusual circumstances" pursuant to 5 U.S.C. § 552(a)(6)(B) and stated that such "'unusual circumstances' include the need to search for and collect the requested . . . agency records from field facilities or other establishments that are separate from this Office." *Id*.

30. As of the date of this Complaint, American Oversight has received no further communications from Commerce regarding this FOIA request.

*DOJ Contracts Request*

31. On October 10, 2025, American Oversight submitted a request to DOJ bearing internal tracking number DOJ-25-2385, seeking the following records from January 20, 2025, through the date the search is conducted:

    1. A complete copy (including any attachments) of all contracts or subcontracts, amendments, memoranda of understanding, and other written agreements between the Department of Justice and any law firms conducting pro bono, discounted, and/or free work for the federal government, including but not limited to:

        a. A&O Shearman
        b. Cadwalader, Wickersham & Taft
        c. Kirkland & Ellis
        d. Latham & Watkins
        e. Milbank
        f. Paul, Weiss, Rifkind, Wharton & Garrison
        g. Skadden, Arps, Slate, Meagher, & Flom
        h. Simpson Thatcher & Bartlett
        i. Willkie Farr & Gallagher

    2. Records reflecting all ethics waivers, waivers of conflict of interest, conflict disclosures, and/or financial disclosures, whether formal or informal, proposed or completed for any law firms conducting pro bono,

10

>   discounted, and/or free work for the federal government, including but not limited to those listed above in part 1 of this request.
>
> 3. Records reflecting all payments, invoices, and billable hours for any law firms conducting pro bono, discounted, and/or free work for the federal government, including but not limited to those listed above in part 1 of this request.

32. On December 4, 2025, DOJ acknowledged receipt of this request and assigned it agency tracking number FOIA-2026-00078. Ex. D.

33. DOJ also invoked an extension due to "unusual circumstances" pursuant to 5 U.S.C. § 552(a)(6)(B), stating that "the records you seek require a search in and/or consultation with another Office." DOJ further stated that "[b]ecause of these unusual circumstances, we need to extend the time limit to respond to your request beyond the ten additional days provided by the statute." *Id*.

34. As of the date of this Complaint, American Oversight has received no further communications from DOJ regarding this FOIA request.

*DOJ Criminal Division Contracts Request*

35. On October 10, 2025, American Oversight submitted a request to the DOJ Criminal Division bearing internal tracking number DOJ-CRM-25-2386, seeking the following records from January 20, 2025, through the date the search is conducted:

> 1. A complete copy (including any attachments) of all contracts or subcontracts, amendments, memoranda of understanding, and other written agreements between the Department of Justice Criminal Division and any law firms conducting pro bono, discounted, and/or free work for the federal government, including but not limited to:
>
>     a. A&O Shearman
>     b. Cadwalader, Wickersham & Taft
>     c. Kirkland & Ellis
>     d. Latham & Watkins
>     e. Milbank
>     f. Paul, Weiss, Rifkind, Wharton & Garrison

      g. Skadden, Arps, Slate, Meagher, & Flom
      h. Simpson Thatcher & Bartlett
      i. Willkie Farr & Gallagher

2. Records reflecting all ethics waivers, waivers of conflict of interest, conflict disclosures, and/or financial disclosures, whether formal or informal, proposed or completed for any law firms conducting pro bono, discounted, and/or free work for the federal government, including but not limited to those listed above in part 1 of this request.

3. Records reflecting all payments, invoices, and billable hours for any law firms conducting pro bono, discounted, and/or free work for the federal government, including but not limited to those listed above in part 1 of this request.

36. DOJ has not acknowledged receipt of this request nor assigned it an agency tracking number.

37. As of the date of this Complaint, American Oversight has received no communications from DOJ regarding this FOIA request.

*Commerce Legal Analyses Request*

38. On October 10, 2025, American Oversight submitted a request to Commerce bearing internal tracking number COMM-25-2387, seeking the following records from January 20, 2025, through the date the search is conducted:

> Records reflecting any final legal advice and analysis (including both formal legal analyses and memoranda, as well as informal electronic communications) regarding law firms conducting pro bono, discounted, and/or free work for the federal government, including, but not limited to, whether such arrangements comply with the Antideficiency Act and/or other federal statutes.

39. On December 9, 2025, Commerce acknowledged receipt of this request and assigned it agency tracking number DOC-IOS-2026-000432. Ex. E.

40. Commerce also invoked an extension due to "unusual circumstances" pursuant to 5 U.S.C. § 552(a)(6)(B) and stated that such "'unusual circumstances' include the need to search

for and collect the requested . . . agency records from field facilities or other establishments that are separate from this Office." *Id*.

41. As of the date of this Complaint, American Oversight has received no further communications from Commerce regarding this FOIA request.

*DOJ Legal Analyses Request*

42. On October 10, 2025, American Oversight submitted a request to the DOJ Office of Legal Counsel bearing internal tracking number DOJ-OLC-25-2388, seeking the following records from January 20, 2025, through the date the search is conducted:

> Records reflecting any final legal advice and analysis (including both formal legal analyses and memoranda, as well as informal electronic communications) regarding law firms conducting pro bono, discounted, and/or free work for the federal government, including, but not limited to, whether such arrangements comply with the Antideficiency Act and/or other federal statutes.

43. On November 17, 2025, American Oversight received an automated acknowledgement from the email account associated with the DOJ Office of Legal Counsel, confirming that the email containing American Oversight's FOIA request had been read.

44. DOJ has not otherwise acknowledged receipt of this request nor assigned it an agency tracking number.

45. As of the date of this Complaint, American Oversight has received no further communications from DOJ regarding this FOIA request.

*Exhaustion of Administrative Remedies*

46. As of the date of this Complaint, Defendants have failed to: (a) notify American Oversight of a final determination regarding American Oversight's FOIA requests, including the scope of responsive records Defendants intend to produce or withhold and the reasons for any

withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

47. Through Defendants' failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

48. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

49. American Oversight properly requested records within the possession, custody, and control of Defendants.

50. Defendants are agencies subject to and within the meaning of FOIA, and they must therefore make reasonable efforts to search for requested records.

51. Defendants have failed to promptly and adequately search for agency records that are responsive to American Oversight's FOIA requests.

52. The failure of each Defendant to conduct an adequate search for responsive records violates FOIA.

53. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

14

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

54. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

55. American Oversight properly requested records within Defendants' possession, custody, and control.

56. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

57. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

58. Each Defendant's failure to provide all non-exempt responsive records violates FOIA.

59. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

### REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(2) Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive

to American Oversight's FOIA requests with indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: December 11, 2025                    Respectfully submitted,

*/s/ Jessica Jensen*
Jessica Jensen
D.C. Bar No. 1048305
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5246
jessica.jensen@americanoversight.org
*Counsel for Plaintiff*