UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF COMMERCE, et al.,<br><br>Defendants. | Civil Action No. 25-4302 (CJN) |

## ANSWER

Defendants the United States Department of Commerce ("Commerce") and United States Department of Justice ("DOJ") (collectively, "Defendants"), by and through undersigned counsel, respectfully submit this Answer to the Complaint filed by Plaintiff American Oversight ("Plaintiff"). Defendants expressly deny any allegations in the Complaint that are not specifically admitted to or otherwise qualified in this Answer. Moreover, to the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Defendants respond to the Complaint in like numbered paragraphs[1] as follows:

---

[1] For ease of reference, Defendants replicate the headings contained in the Complaint. Although Defendants believe that no response is required to such headings (Fed. R. Civ. P. 10(b)), to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

1-6. The allegations contained in these paragraphs do not set forth a claim for relief or aver facts in support of a claim under FOIA and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

7. Defendants admit only that Plaintiff filed requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*. Defendants lack knowledge or information sufficient to form a belief as to truth of the remaining allegation in this paragraph about what Plaintiff was "seeking" by submitting the requests.

8. This paragraph characterizes the nature of this action and the relief sought to which no response is required. To the extent any response is required, Defendants admit that Plaintiff purports to bring this action under the FOIA and deny that Plaintiff is entitled to the requested relief.

## JURISDICTION AND VENUE

9. This paragraph consists of Plaintiff's conclusions of law regarding jurisdiction, to which no response is required. To the extent a response is deemed required, Defendants admit that this Court has jurisdiction subject to the terms, conditions, and limitations of the FOIA.

10. This paragraph consists of Plaintiff's conclusions of law regarding venue, to which no response is required. To the extent a response is deemed required, Defendants admit that venue is proper in this judicial district for actions brought under the FOIA.

11. This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, the allegations are denied.

## PARTIES

12. This paragraph consists of Plaintiff's characterization of itself, about which Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations.

13. Defendants admit that Commerce is a federal agency subject to the FOIA and headquartered in Washington, D.C. The remaining allegations in this paragraph consist of conclusions of law, to which no response is required.

14. Defendants admit that DOJ is a federal agency subject to the FOIA and headquartered in Washington, D.C. The remaining allegations in this paragraph consist of conclusions of law, to which no response is required.

**STATEMENT OF FACTS**

15. Defendants admit that on October 10, 2025, Plaintiff submitted the eight (8) FOIA requests at issue in this matter to DOJ and Commerce. Defendants lack knowledge or information sufficient to form a belief as to truth of the remaining allegation in this paragraph about what Plaintiff was "seeking" by submitting the requests.

*Commerce Communications Request*

16. Defendant Commerce admits that on October 10, 2025, Plaintiff submitted the first FOIA request at issue in this matter to Commerce. Defendant Commerce respectfully refers the Court to Plaintiff's request for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of the request.

17. Defendant Commerce admits that by letter dated December 4, 2025, Commerce acknowledged receipt of Plaintiff's request. Defendant Commerce respectfully refers the Court to the December 4, 2025, acknowledgement letter for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of the letter.

18. This paragraph contains Plaintiff's characterization of Commerce's December 4, 2025, acknowledgement letter. Defendant Commerce respectfully refers the Court to the

3

December 4, 2025, letter for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of the letter.

19. Defendant Commerce admits that, as of the date the Complaint was filed, it has not communicated further with Plaintiff regarding this request.

*DOJ Communications Request*

20. Defendant DOJ admits that on October 10, 2025, Plaintiff submitted the second FOIA request at issue in this matter to DOJ's Office of Information Policy ("OIP"). Defendant DOJ respectfully refers the Court to Plaintiff's request for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of the request.

21. Defendant DOJ admits that by letter dated December 4, 2025, OIP acknowledged receipt of Plaintiff's request. Defendant DOJ respectfully refers the Court to OIP's December 4, 2025, acknowledgement letter for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of the letter.

22. This paragraph contains Plaintiff's characterization of OIP's December 4, 2025, acknowledgement letter. Defendant DOJ respectfully refers the Court to OIP's December 4, 2025, letter for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of the letter.

23. Defendant DOJ admits that, as of the date the Complaint was filed, OIP has not communicated further with Plaintiff regarding this request.

*DOJ Criminal Division Communications Request*

24. Defendant DOJ admits that on October 10, 2025, Plaintiff submitted the third FOIA request at issue in this matter to DOJ's Criminal Division ("CRM"). Defendant DOJ respectfully refers the Court to Plaintiff's request for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of the request.

25. Defendant DOJ admits that, as of the date the Complaint was filed, CRM has not communicated with Plaintiff regarding this request.

26. Defendant DOJ admits that, as of the date the Complaint was filed, CRM has not communicated with Plaintiff regarding this request.

*Commerce Contracts Request*

27. Defendant Commerce admits that on October 10, 2025, Plaintiff submitted the fourth FOIA request at issue in this matter to Commerce. Defendant Commerce respectfully refers the Court to Plaintiff's request for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of the request.

28. Defendant Commerce admits that by letter dated November 26, 2025, Commerce acknowledged receipt of Plaintiff's request. Defendant Commerce respectfully refers the Court to the November 26, 2025, acknowledgement letter for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of the letter.

29. This paragraph contains Plaintiff's characterization of Commerce's November 26, 2025, acknowledgement letter. Defendant Commerce respectfully refers the Court to the November 26, 2025, letter for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of the letter.

30. Defendant Commerce admits that, as of the date the Complaint was filed, it has not

communicated further with Plaintiff regarding this request.

*DOJ Contracts Request*

31.     Defendant DOJ admits that on October 10, 2025, Plaintiff submitted the fifth FOIA request at issue in this matter to OIP.  Defendant DOJ respectfully refers the Court to Plaintiff's request for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of the request.

32.     Defendant DOJ admits that by letter dated December 4, 2025, OIP acknowledged receipt of Plaintiff's request.  Defendant DOJ respectfully refers the Court to OIP's December 4, 2025, acknowledgement letter for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of the letter.

33.     This paragraph contains Plaintiff's characterization of OIP's December 4, 2025, acknowledgement letter.  Defendant DOJ respectfully refers the Court to OIP's December 4, 2025, letter for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of the letter.

34.     Defendant DOJ admits that, as of the date the Complaint was filed, OIP has not communicated further with Plaintiff regarding this request.

*DOJ Criminal Division Contracts Request*

35.     Defendant DOJ admits that on October 10, 2025, Plaintiff submitted the sixth FOIA request at issue in this matter to CRM.  Defendant DOJ respectfully refers the Court to Plaintiff's request for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of the request.

36.     Defendant DOJ admits that, as of the date the Complaint was filed, CRM has not communicated with Plaintiff regarding this request.

37. Defendant DOJ admits that, as of the date the Complaint was filed, CRM has not communicated with Plaintiff regarding this request.

*Commerce Legal Analyses Request*

38. Defendant Commerce admits that on October 10, 2025, Plaintiff submitted the seventh FOIA request at issue in this matter to Commerce. Defendant Commerce respectfully refers the Court to Plaintiff's request for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of the request.

39. Defendant Commerce admits that by letter dated December 9, 2025, Commerce acknowledged receipt of Plaintiff's request. Defendant Commerce respectfully refers the Court to the December 9, 2025, acknowledgement letter for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of the letter.

40. This paragraph contains Plaintiff's characterization of Commerce's December 9, 2025, acknowledgement letter. Defendant Commerce respectfully refers the Court to the December 9, 2025, letter for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of the letter.

41. Defendant Commerce admits that, as of the date the Complaint was filed, it has not communicated further with Plaintiff regarding this request.

*DOJ Legal Analyses Request*

42. Defendant DOJ admits that on October 10, 2025, Plaintiff submitted the eighth FOIA request at issue in this matter to DOJ's Office of Legal Counsel ("OLC"). Defendant DOJ respectfully refers the Court to Plaintiff's request for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of the request.

43. Defendant DOJ admits the transmission of an automated acknowledgment from

OLC's FOIA email account.

44. Defendant DOJ admits that as of the date the Complaint was filed, OLC had not communicated further with Plaintiff regarding this request. Defendant DOJ avers that on December 12, 2025, OLC provided Plaintiff with an acknowledgment letter assigning the request tracking number FY26-013.

45. Defendant DOJ admits that as of the date the Complaint was filed, OLC had not communicated further with Plaintiff regarding this request.

*Exhaustion of Administrative Remedies*

46. Defendants admit that, as of the date the Complaint was filed, Commerce, OIP, CRM, and OLC have not issued any responses or produced any records in response to Plaintiff's requests. To the extent allegations in this paragraph intend to suggest that Defendants have unlawfully withheld nonexempt information, such allegations consist of legal conclusions to which no response is required.

47. The allegations in this paragraph consist of conclusions of law, to which no response is required.

## COUNT I
## Violation of FOIA, 5 U.S.C. § 552
## Failure to Conduct Adequate Searches for Responsive Records

48. Defendants incorporate by reference their responses to all preceding paragraphs as if fully set forth herein.

49. The allegations in this paragraph consist of conclusions of law, to which no response is required.

50. Defendants admit that Commerce and DOJ are federal agencies subject to the FOIA. The remaining allegation in this paragraph consists of a conclusion of law, to which no

response is required.

51-53.   The allegations in these paragraphs consist of conclusions of law, to which no response is required.  To the extent any response is required, Defendants deny any allegation or implication in these paragraphs of a violation of FOIA.

### COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

54.   Defendants incorporate by reference their responses to all preceding paragraphs as if fully set forth herein.

55-59.   The allegations in these paragraphs consist of conclusions of law, to which no response is required.  To the extent any response is required, Defendants deny any allegation or implication in these paragraphs of a violation of FOIA.

### REQUESTED RELIEF

The remaining paragraphs in the Complaint set forth Plaintiff's request for relief, to which no response is required.  To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants assert a general denial as to those allegations that are contained in the Complaint that are not specifically admitted herein.

### DEFENSES

In further response to the Complaint, Defendants raise the following defenses.  Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants through the course of this litigation.  Defendants do not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

## FIRST DEFENSE

Plaintiff is not entitled to compel the production of any record or portions thereof protected from disclosure by one or more exclusions or exemptions of the FOIA, 5 U.S.C. § 552(b), the Privacy Act, 5 U.S.C. § 552a, or other applicable law.

## SECOND DEFENSE

The Court lacks subject matter jurisdiction to award relief that exceeds the relief authorized under the FOIA, including but not limited to declaratory relief.  *See* 5 U.S.C. § 552(a)(4)(B).

## THIRD DEFENSE

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

## FOURTH DEFENSE

Plaintiff's FOIA requests are improper to the extent they are overbroad, cannot be processed without undue burden or fail to reasonably describe the records sought at required by 5 U.S.C. § 552(a)(3)(A).

## FIFTH DEFENSE

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA requests at issue, including in paragraphs 1-6, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim.  The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).  *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ.

A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

Dated: February 25, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:         */s/ Bisola Oni*
      BISOLA ONI
      DC Bar # 90006216
      Assistant United States Attorney
      601 D Street, NW
      Washington, DC 20530
      (202) 252-0872
      Bisola.Oni@usdoj.gov

*Attorneys for the United States of America*